# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| **Plaintiff,** | : |
| v. | :    **Civil No.** |
| **$8,277.00 in U.S. CURRENCY,** | : |
| **Defendant.** | : |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Richard C. Kay, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS *IN REM*

2. The defendant property consists of $8,277.00 in United States currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized on June 20, 2013, from Michael Anderson pursuant to the execution of a court ordered search and seizure warrant at 701 Camelot Way, Fort Washington, Maryland, and subsequently was placed in the custody of the United States Marshals Service in the District of Maryland where it remains.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.  The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Patricia Adams, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;
2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;
3. That Judgment of Forfeiture be decreed against the Defendant Property;
4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;
5. That the Plaintiff have such other and further relief as the case may require.

Dated: December 9, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

_____
Richard C. Kay
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $8,277.00 in United States currency seized from Michael ANDERSON at 701 Camelot Way, Fort Washington, Maryland.

I, Patricia Adams, Task Force Officer ("TFO") of the Drug Enforcement Administration ("DEA"), submit that there are sufficient facts to support a reasonable belief that the $8,277.00 in United States currency is (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substance Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. During the month of November 2012, TFO Adams obtained information that Michael Anderson ("Anderson"), who resides at 701 Camelot Way, Fort Washington, Maryland ("the Residence"), distributed prescription medication and marijuana from his residence in exchange for property or cash from his drug customers.

b. On March 29, 2013, TFO Adams conducted surveillance at the Residence.

c. On that day, a green passenger vehicle pulled up and parked in front of the Residence. A female exited the vehicle with large boxes of electronics and she carried the items to the garage of the Residence where she made contact with Anderson. After approximately ten minutes, the female left the Residence.

d. Shortly thereafter, the Charles County Sheriff's Office conducted a traffic stop on the female in Charles County, Maryland. The female admitted to stealing the property from an electronics store earlier that day and trading the items with Anderson for Oxycodone pills.

e. The in-store video surveillance system at the Best Buy store in Waldorf, Maryland, shows that the female had stolen the property.

f. On April 12, 2013, TFO Adams conducted surveillance at the Residence.

g. On that day, two men and Anderson exited Anderson's garage and walked over to the car that had been driven by the two men.

h. Shortly thereafter, the Prince George's County Police Department conducted a traffic stop on the two men. The passenger possessed Oxycodone but he would not say where he obtained the drugs.

i. Investigators conducted two controlled buys in which they purchased illegal narcotics from Anderson at the Residence. During the two controlled buys, a confidential source arrived at the

Residence and made contact with Anderson in the garage. After briefly conversing with Anderson, the confidential source gave United States currency to Anderson and received marijuana and Oxycodone pills from Anderson.

j. On June 20, 2013, the DEA, with the assistance of the Prince George's County Police Department and the Charles County Sheriff's Office, executed a search and seizure warrant for the Residence.

k. During the execution of the search warrant, investigators advised Anderson of his Miranda rights.

l. After indicating that he understood his rights, Anderson said that he trades marijuana and pharmaceuticals with people he knows.

m. Anderson said that he obtains his supply of pharmaceuticals from a friend who is dying.

n. Anderson told investigators that he was the only one at the Residence who was employed at the time the search warrant was executed. Anderson said that he was in the landscaping business, but during surveillance at the Residence, he seldom left the Residence.

o. During the execution of the search and seizure warrant, Anderson told investigators that he had approximately $9,000 in United States currency hidden under his bathroom sink in an upstairs bathroom.

p. Investigators did not locate this currency allegedly hidden in the bathroom and they told Anderson that they were unable to find it. Anderson replied that the currency must have been moved.

q. Investigators located United States currency in different locations in the master bedroom, including the closet, night stand, and bed. The total amount of this United States currency was $8,277.00.

r. The United States currency that is the subject of this declaration was seized from the master bedroom of the Residence. United States currency was not removed from any other location in the Residence.

s. Anderson provided investigators with a written statement alleging that the United States currency that was recovered from the Residence belongs to him and his wife. Anderson said that his wife, "might know about the money in the envelope, $9,000."

Case 8:13-cv-03715-PWG   Document 1   Filed 12/09/13   Page 6 of 9

*I DECLARE UNDER THE PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C.§ 1746 THAT THE FACTS SUBMITTED IN REFERENCE TO THE SEIZURE OF $8,277.00 IN UNITED STATES CURRENCY FROM MICHAEL ANDERSON ARE ACCURATE, TRUE AND CORRECT TO BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.*

*[signature: TFO P. Adams]*

Patricia Adams
Task Force Officer
Drug Enforcement Administration

## **VERIFICATION**

I, John J. Truex Chung, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: December 9, 2013

*John J. Truex Chung*
John J. Truex Chung
Contract Attorney
Forfeiture Support Associates, LLC

## MEMORANDUM

| | |
|---|---|
| DATE: | December 9, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Jennifer Stubbs<br>Legal Assistant<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $8,277 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 13-DEA-585033**<br>**Agency Case No. – GD-13-0084** |

The United States has filed a forfeiture action against **$8,277 U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

1

| U.S. Department of Justice<br>United States Marshals Service | | PROCESS RECEIPT AND RETURN |
|---|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | | COURT CASE NUMBER |
| DEFENDANT<br>$8,277 U.S. Currency | | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>GD-13-0084/13-DEA-585033 |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code) |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | Number of process to be served with this Form - 285 | |
|---|---|---|
| Jennifer Stubbs, Legal Assistant<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number of parties to be served in this case | |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of: *[signature]* | TELEPHONE NUMBER<br>410-209-4800 | DATE<br>12/9/13 |
|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>(Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>No. ____ | District of Origin<br>No. ____ | District to Serve<br>No. ____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

| Name and title of individual served (If not shown above). | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service | Time ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED    SEND ORIGINAL + 2 COPIES to USMS.
1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt