# Exhibit B



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*Stefan D. Cassella*<br>*Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4986*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-9293*<br>*TTY/TDD: 410-962-4462* |

April 25, 2014

Robert W. Biddle, Esq.
Attorney for Shawne Kirsten Suggs-Anderson
Nathans & Biddle, LLP
120 East Baltimore Street
Suite 1800
Baltimore, Maryland 21202

      Re:    <u>United States v. $8,277.00 in U.S. Currency</u>; Civil No. PWG-13-3715

Dear Bob,

      In accordance with our discussions concerning the above-referenced civil forfeiture action, the government proposes the following agreement. Once the agreement is fully executed and returned, the government will forward it to the Court with a motion for an order of forfeiture. Once the order is entered, the government will forward it to the appropriate agency for disposition.

### SETTLEMENT AGREEMENT

      This Settlement Agreement is made between **Shawne Kirsten Suggs-Anderson** ("the claimant") and the **United States of America** ("the government"):

      **WHEREAS**, the United States filed a civil forfeiture complaint against $8,277.00 in United States currency ("the defendant property"); and

      **WHEREAS**, the claimant filed a timely claim to the defendant property; and

*[signature: RWB]*

**WHEREAS**, the claimant has a right to a civil trial at which the claimant could examine witnesses, present evidence, and give testimony; and

**WHEREAS**, the claimant would prevail at such trial if the government could not establish by a preponderance of the evidence that the property is subject to forfeiture, or if the claimant could establish that she is the innocent owner of the property; and

**WHEREAS**, the claimant nevertheless wishes to settle this case and waive her right to a trial, and the parties both wish to reach a fair and expedited resolution to this matter; and

**WHEREAS**, the claimant acknowledges that reasonable cause existed for the seizure of the defendant property and for the commencement of the action against the defendant property;

**NOW, THEREFORE**, for the foregoing reasons and for good and substantial consideration, the adequacy and receipt of which is hereby acknowledged, the claimant and the government agree as follows:

1. The government agrees to release $6,207.75 of the defendant property to the claimant by electronic funds transfer. The claimant agrees to provide government counsel with a completed ACH payment form so that this release can be made.

2. The claimant agrees to hereby withdraw her claims as to the remaining $2,069.25 of the defendant property and agrees to forfeit all rights, title, and interest in that portion of the defendant property to the government.

3. The claimant agrees to bear her own costs and attorney's fees.

4. The claimant agrees to indemnify and hold the government harmless from and against all claims, damages, losses, and action resulting from or arising out of the release of the property described in paragraph 1 above.

5. Notwithstanding the government's agreement to release a portion of the defendant property to the claimant upon the entry of a judgment of forfeiture, the claimant understands that the Internal Revenue Service ("IRS") is required by law to withhold the release of any funds in the government's possession until the IRS has determined that the claimant does not owe any unrelated debts to the United States. *See* 31 U.S.C. § 3716.

6. The claimant agrees that the government may submit a copy of this agreement in connection with a request for an Order of Forfeiture.

7. This agreement states the entire agreement reached between the parties hereto.

Rod J. Rosenstein
United States Attorney

_____  5/2/14
Stefan D. Cassella                Date
Assistant United States Attorney

_____  4/29/14
Shawne Kirsten Suggs-Anderson    Date
Claimant

_____  4/27/2014
Robert W. Biddle, Esq.            Date
Attorney for the Claimant